FINAL REPORT[1]


*Amendments to Pa.R.Crim.P. 205*
*Revisions to the Comment to Pa.R.Crim.P. 209*

SEARCH WARRANTS FOR ELECTRONIC MATERIALS

On July 31, 2017, effective October 1, 2017, upon the recommendation of the Criminal Procedural Rules Committee, the Court amended Rule 205 (Contents of Search Warrant) to clarify that electronic storage data may be seized or copied for later analysis.  The Court also revised the *Comment* to Rule 209 to correct a cross-reference to Rule 205.

The intention of the amendment is to eliminate any confusion that, when a search warrant is for the seizure of electronically stored information and that information must be extracted, reviewed or analyzed, these additional processes do not need to be performed within the period set for execution of the search warrant. This change is based on language that is contained currently in Federal Rule of Criminal Procedure 41(B). The Committee examined the history of Federal Rule 41 and the specific provision related to electronically stored data which reads:

> **(B) Warrant Seeking Electronically Stored Information.** A warrant under Rule 41(e)(2)(A) may authorize the seizure of electronic storage media or the seizure or copying of electronically stored information. Unless otherwise specified, the warrant authorizes a later review of the media or information consistent with the warrant. The time for executing the warrant in Rule 41(e)(2)(A) and (f)(1)(A) refers to the seizure or on-site copying of the media or information, and not to any later off-site copying or review.

Federal Rule 41 ("the federal rule") was amended in 2009 to add this provision regarding warrants for electronically stored information. Searches of electronic storage

---

[1] The Committee's *Final Reports* should not be confused with the official Committee *Comments* to the rules.  Also note that the Supreme Court does not adopt the Committee's *Comments* or the contents of the Committee's explanatory *Final Reports*.

media are problematic because computers and external electronic storage devices contain an almost incomprehensible amount and variety of data. The use of computers in all stages of life and business has become ubiquitous.  This is only further complicated by the storage of electronic data on networks and, with increasing frequency, "cloud" servers. Additionally, the information is stored as lines of code, often of little practical use without some type of program to convert into a usable form.  As a result, it is often impossible to conduct a search on-site for evidence within the computer or server and necessitating analysis by specialists.  The federal rule was amended to recognize the need for a two-step process: officers either may seize or may copy the entire storage medium and conduct a review of the storage medium later to determine what electronically stored information falls within the scope of the warrant.

The Committee recognized that Pennsylvania search warrant procedures differ from federal procedures.  However, the Committee concluded that the same concerns that prompted the change to the federal rule are applicable to search warrant practice in Pennsylvania and that a similar solution would be beneficial in Pennsylvania.  For that reason, the language being added to Rule 205 is similar to that in the federal rule.

The term "electronically stored information" is derived from Rule 34(a) of the Federal Rules of Civil Procedure, which states that it includes "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained."  The Committee concluded that this description is an apt one and is intended to cover all current types of computer-based information and to encompass future changes and developments.

The federal rule contains references to the "copying of electronically stored information" in addition to its "seizure."  The Committee believes that the term "seizure" used in a search warrant context encompasses the copying of the information and that to retain this terminology would unduly emphasize this single aspect.  Therefore, the term "copying" is not used but a statement has been added to the *Comment* to ensure that it is understood that this is included in the "seizure" of the information.

As in the federal rule, the Committee rejected adding a specific time period within which any subsequent off-site copying or review of the media or electronically stored information would take place. Given the vast divergence in the media being searched, there will be wide differences in the amount of time required for forensic analysis and review of information. The Committee concluded that if a time limit were set for these processes it would be highly arbitrary and result in frequent petitions for additional time.

One of the concerns raised during the development of the federal rule change was the ability of an aggrieved party to pursue the return of property associated with electronic media. In the note to the 2009 change to the federal rule, it was observed that Federal Rule 41(g), which provides for a motion for return of property, applies to electronic storage media. Pennsylvania Rule 588 provides a similar motion for return. However, the only cross-reference in Chapter 2 that refers to Rule 588 is in the *Comment* to Rule 211 (Sealing of Search Warrant Affidavits). Therefore, a cross-reference to Rule 588 has been added to the Rule 205 *Comment* to emphasize the availability of this remedy.

Finally, two technical corrections have been made to cross-references to Rule 205 that are contained in the *Comment* to Rule 209.